[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
 DATE OF SENTENCE: 19 OCTOBER 1995 DATE OF APPLICATION: 19 OCTOBER 1995 DATE APPLICATION FILED: 9 NOVEMBER 1995 DATE OF DECISION: 28 APRIL 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury at Waterbury, Docket No. CR-94-223785.
Louis S. Avitabile, Esq., For the Petitioner.
Mike Gaylor, Esq., For the State of Connecticut.
 BY THE DIVISION
CT Page 9319
After a trial by jury the petitioner was convicted of Sale of Certain Illegal Drugs, in violation of Conn. Gen. Stat. 21a-278
(b); Possession of a Controlled Substance Less than a ounces, in violation of Conn. Gen. Stat. 21a-279 (c) and Non-Student Possession Drugs near a School, in violation of Conn. Gen. Stat.21a-279 (d).
The trial court imposed a sentence of 10 years to serve on the Sale of Certain Illegal Drugs count; one year to serve on the Possession of a controlled substance count concurrent with count one; and two years to serve on the possession count, that sentence to be served consecutive to the previous count but concurrent with count one for a total effective sentence of ten years to serve.
The record shows that the petitioner was observed at a location in Waterbury with another person examining numerous plastic ziplock bags believed to be cocaine. Upon pursuit of the Petitioner he was seen dropping a plastic bag that tested positive for cocaine. Incidental to his arrest the police also found marijuana on his person.
Counsel for the petitioner argued at the hearing that the sentence imposed by the trial court was harsh based upon the minimum criminal record. He felt that the petitioner was penalized for his election to be tried by a jury. He wanted the panel to reduce the sentence to ten years over eight or seven years.
The petitioner when he addressed the panel also felt that the sentence imposed was harsh and emphasized that his prior criminal record was very insignificant. He asked the panel to impose a sentence more reasonable.
The attorney for the state pointed out that the petitioner has been convicted for his fourth drug related offense in only five years. Counsel noted to the panel that the petitioner was given the benefit of the Youthful Offender statute and violated the conditions imposed by the court. The state noted that the CT Page 9320 petitioner came from a good home and that he ignored his parents advise and was possessed with accumulating money. In reviewing the petitioner's criminal record it was brought to the panel's attention that the petitioner was convicted of an assault in the 2nd degree which involved the firing of a pistol. The state concluded by asking the panel to affirm the sentence since it was justified and reasonable.
The purpose of sentence review requires this panel to examine the sentence imposed is accordance with section 43-28 of the Connecticut Practice Book. In doing so we find that the sentence meted out by the court is not inappropriate nor disproportionate.
THE SENTENCE IS AFFIRMED.
Miano
Klaczak
Norko
Miano, J., Klaczak, J. and Norko, J. participated in this decision.